WILLIAM A. WEBB V. JULIUS THIELE.

FILED NOVEMBER 17, 1898. No. 8462.

1. **Adverse Possession:** EVIDENCE: QUESTION FOR JURY. On an issue of adverse possession, where the proof tends to show a continuous exclusive possession for the statutory period by acts indicating dominion over the land, the fact that there was proof of declarations of the occupant indicating that he did not at first claim ownership does not conclusively rebut the inference of a claim of right derivable from his acts. The issue is for the jury.

2. ———: CONTINUITY OF POSSESSION. The purchase, or attempted purchase, of an outstanding title by one in adverse possession is not alone sufficient to break the continuity of the possession or divest it of its adverse character. Especially is this so when the attempt to purchase is not made until after the expiration of the statutory period.

ERROR from the district court of Cuming county. Tried below before NORRIS, J. *Reversed.*

*McNish & Oleson,* for plaintiff in error.

*Uriah Bruner* and *T. M. Franse, contra.*

IRVINE, C.

This was an action in ejectment for certain land in Cuming county. The plaintiff prevailed, relying on a paper title. The defendant relied on adverse possession in himself and his grantors for much more than the statutory period. It is claimed by the plaintiff that the judgment must in any event be affirmed, because the verdict was the only one which the evidence would sustain; but we cannot accept that theory. The defendant introduced evidence tending to prove that his remote grantor had entered upon the land prior to 1872, and had remained in possession, cultivating it continuously, until 1887, when he removed to California; that it was then occupied by his tenants until his death. Thereafter his heirs conveyed to one of their number and he later conveyed to

defendant, possession being continuous in this chain. As against this, plaintiff produced evidence tending to show, by the declarations of the original occupant, that he did not claim ownership, but as the land had not yet been sold by the United States, he entered upon it with the intention of retaining its use merely, and ultimately buying from whomsoever might acquire it. The nature of the occupancy was such as to justify an inference of a claim of right; it was by acts of dominion. The leasing of the land in 1887 was certainly an act indicating such a claim. Whether his declarations were of such a character as to rebut the inference derivable from his other acts was a question of fact properly left to the jury.

In submitting the issue so made to the jury an error was committed. There was evidence, objected to, but the admissibility of which we need not now consider, tending to show that in 1887 a son of the first occupant approached the plaintiff with an offer to buy the land for his father, and there was evidence tending to show agency on the part of the son. This, accompanied by the evidence of the former declarations of the father as to his purpose, was material, as tending to show that the occupancy was not under a claim of right. The court gave an undue effect, however, to this evidence by the following instruction: "The court instructs the jury that any attempt on the part of the person in possession of land upon which he has entered without any title, and who claims adversely to the owner thereof, to negotiate with the owner thereof for the purchase of the same, is a recognition of the owner's title thereto, and such person's possession is not adverse to the real owner of the land; and if you find that William Bartley, under and through whom the defendant claims to have title, negotiated with the plaintiff for the purchase of the land in controversy, in 1887, you will find for the plaintiff." This court has held that the purchase, or attempted purchase, of an outstanding title by one in adverse posses-

sion, and before the expiration of the statutory period, is not alone sufficient to divest the possession of its adverse character. (*Oldig v. Fisk*, 53 Neb. 156.) The instruction quoted made the mere attempt to negotiate for a purchase have that effect. In the case cited there was a dissenting opinion by Commissioner RAGAN, but in that it was recognized that such an attempt, made after the bar of the statute had become complete, could not divest the title created by the past adverse occupancy. In this case the title passed from the government in 1872, and if the possession was adverse at all the statute began to run that early, and title was complete before the offer to purchase in evidence. As the judgment must be reversed for the error indicated it is unnecessary at present to review the other assignments of error, which relate to matters, some settled by recent decisions of the court and some which may not recur.

REVERSED AND REMANDED.